UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff<br><br>v.<br><br>WORLDWIDE TRADE RESOURCES, INC. 401(K) PLAN,<br><br>    Defendant | Civil Action File<br><br>No. 11-6104 |

## NOTICE OF INDEPENDENT FIDUCIARY'S ANTICIPATED FEES AND EXPENSES FOR HIS SERVICES

As directed by this Court's April 16, 2012 Order M. Larry Lefoldt ("Lefoldt") hereby submits to the Court for approval his anticipated fees and expenses for his services as Independent Fiduciary.

Pursuant to Page 3 of the Order, Mr. Lefoldt herewith submits his Itemized Fee Application. Attached hereto is a copy of the above referenced Order (See Exhibit 1) and the Independent Fiduciary's anticipated fees and expenses totaling $7,842.50. (See Exhibit 2).

A request is hereby made to the Court for approval of these anticipated fees and expenses in the amount of $7,842.50 for services to be provided as the Independent Fiduciary.

Respectfully submitted,

_____
M. Larry Lefoldt
Independent Fiduciary
Worldwide Trade Resources, Inc.
401(k) Plan
P.O. Box 2848
Ridgeland, MS  39158-2848
(601) 956-2374

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing <u>NOTICE</u> upon to the Court to this matter by causing a copy to be deposited in the U.S. Mail, proper postage prepaid, addressed as follows:

United States District Court
For the District of New Jersey
Honorable Stanley R. Chesler
50 Walnut Street, PO 08
Newark, NJ  07101

Mr. Jonathan Kay, Regional Director
EBSA – New York Region
33 Whitehall Street, Suite 1200
New York, NY  10004

Terrence Duncan, Attorney
United States Department of Labor
Office of the Solicitor
201 Varick Street, Suite 983
New York, NY  10014

Carmela V. Pagano, CPA
Senior Investigator
United States Department of Labor
Employee Benefits Security Administration
33 Whitehall Street, Suite 1200
New York, NY  10004

This  2nd  day of May, 2012.

By: _____
M. Larry Lefoldt

SOL:TD
(11)00680

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

                                            Plaintiff,

    v.

Worldwide Trade Resources, Inc. 401(K) Plan,

                                            Defendant.

Civil Action File

No. 11-6104

**PROPOSED ORDER**

        **WHEREAS**, this action was filed by the Secretary of Labor pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" of the "Act"), 29 U.S.C. § 1001 et seq., and by the authority vested in her by ERISA Section 502(a)(5), alleging that the Worldwide Trade Resources, Inc. 401(K) Plan, ("the Plan") was in violation of ERISA Sections 402 and 403; and

    I.    The Plan was and is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), and was established to provide benefits to employees of the plan sponsor, Worldwide Trade Resources, Inc., who were covered by a plan subject to Title I of ERISA; and

    II.    The Principal Group Life Insurance is the custodian of the assets of the Plan; and

    III.    This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the District of New Jersey pursuant to ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over the Plan for all purposes relevant to this matter including the entry of this Order pursuant to ERISA

1

Section 502(d)(1), 29 U.S.C. § 1132(d)(1); and at times relevant to this action, the Plan was an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3); and

IV.  The Plan is not being actively administered by its authorized fiduciaries; the fiduciaries cannot be located. In their absence, the Secretary duly served the Summons and Complaint on the New Jersey Department of The Treasury, Division of Revenue. No one has answered or otherwise appeared on Defendant's behalf in this matter.

V.  The Secretary now moves for entry of Judgment against the Plan and an Order in this matter appointing an Independent Fiduciary to wind down the affairs of the Plan and distribute its assets to its beneficiaries.

### IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  The *status quo* of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

2.  The Court hereby appoints M Larry Lefoldt as the Independent Fiduciary of the Plan with authority to administer the Plan and, if necessary, implement its orderly termination. In performing his/her duties, he/she shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate.

3.  The Independent Fiduciary shall have all powers to do the things that are necessary and appropriate to administer and terminate the Plan.

4.  The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent

2

**EXHIBIT "1"**

Fiduciary shall consider the best interests of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by any current or historic procedures or policies of the Plan which conflict with his/her duties under ERISA.

5. The Independent Fiduciary is empowered to require The Principal Group Life Insurance and any other asset custodian or service provider to the Plan to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary under this Order.

6. The Independent Fiduciary is empowered to give instructions to The Principal Group Life Insurance and any other asset custodian or service provider to the Plan respecting the disposition of assets of the Plan held by them.

7. The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plan in accordance with applicable Plan documents and Federal law.

8. Upon completing such distribution, the Independent Fiduciary shall terminate the Plan in accordance with applicable plan documents, ERISA, and other applicable Federal law.

9. The Independent Fiduciary shall be subject to the orders of this Court. Within twenty days after the date of this Order, the Independent Fiduciary shall submit to this Court for approval his/her schedule of anticipated fees and expenses for this matter with copies of his/her submissions to be sent to all parties to this matter.

10. In the performance of his/her duties, the Independent Fiduciary may retain such assistance as she may reasonably require, including attorneys, accountants, actuaries and other service providers.

EXHIBIT "1"

11. The payment of administrative expenses and fees to the Independent Fiduciary, his/her assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of the Plan superior to any other class of expense or obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plan by its participants and beneficiaries.

12. The Independent Fiduciary shall not be held personally responsible for any claims against the Plan or which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

13. Upon approval by this Court of the Independent Fiduciary's anticipated fees and expenses, this matter shall be deemed closed. However, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

14. The Independent Fiduciary shall obtain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112. Since the beneficiary of the bond is the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the Independent Fiduciary securing coverage for him/herself under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of the Act.

15. Nothing in the foregoing Order shall be construed in derogation of the Court's authority over the Independent Fiduciary's actions.

DATED: 4/16/12
Newark, New Jersey

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

4

**EXHIBIT "1"**

**WTR, Inc. 401(k) Plan**
**Anticipated Fees and Expenses for Administration and Plan Termination**

- Review of DOL packet and asset control with Principal Financial Group, reporting, administration, fee, termination procedures, and other issues
    Senior Staff Accountant (3.00 hr.)
    Trustee (1.50 hr.)

- Set up participant spreadsheet for approximately 53 participants and updates to include census, balances, and distribution information
    Senior Staff Accountant (4.00 hr.)
    Support Staff (2.00 hr.)

- Send distribution packets and second requests to 53 participants
    Senior Staff Accountant (2.50 hr.)
    Support Staff (2.50 hr.)

- Coordinate and approve distributions for participants through Principal
    Senior Staff Accountant (12.00 hr.)
    Trustee (3.50 hr.)

- Locate missing participants through Westlaw, IRS forwarding, calls, etc.
    Senior Staff Accountant (4.00 hr.)
    Support Staff (3.00 hr.)

- Miscellaneous troubleshooting, research, participant and broker calls, administrative matters, status updates, including contingency for other administrative issues
    Senior Staff Accountant (8.00 hr.)
    Support Staff (6.00 hr.)
    Trustee (6.00 hr.)

- Preparation and filing of final 5500, including supporting schedules
    Senior Staff Accountant (3.75 hr.)
    Support Staff (.25 hr.)
    Senior Tax Partner (1.00 hr.)
    Trustee (.50 hr.)

| Tasks | Hours | Rate | Total |
|---|---|---|---|
| Senior Staff Accountant | 37.25 | 105.00 | $3,911.25 |
| Support Staff | 13.75 | 65.00 | 893.75 |
| Senior Tax Partner | 1.00 | 185.00 | 185.00 |
| Trustee | 11.50 | 185.00 | 2,127.50 |
|  | 63.50 |  | $7,117.50 |
| Contingencies and expenses (postage, copies, bond, tax prep, etc.) | | | 725.00 |
| **TOTAL** | | | **$7,842.50** |

**EXHIBIT "2"**